IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-3157-WJM-MJW

FRESHPACK PRODUCE, INC.,

    Plaintiff,

v.

VM WELLINGTON LLC, d/b/a BELLA'S MARKET WELLINGTON,
VM OPERATIONS LLC,
VILLAGE MARKETS HOLDING LTD., LLC,
SAVOY INCOME FUND I LP,
SAMUEL J. MANCINI,
RONALD S. ALLEN, and
ALAN CARMAN,

    Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND SETTING HEARING ON PRELIMINARY INJUNCTION**

---

Plaintiff Freshpack Produce, Inc. ("Plaintiff") brings this action against VM Wellington LLC, *et al*. ("Defendants") alleging violations of various provisions of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq*. (ECF No. 1.) Contemporaneous with the filing of the Complaint, Plaintiff filed a Motion for Temporary Restraining Order ("Motion"). (ECF No. 3.) For the reasons set forth below, the Motion is granted.

### I. BACKGROUND

Plaintiff is a Colorado corporation engaged in the business of buying and selling wholesale quantities of produce in interstate commerce. (Compl. ¶ 3.) Defendants are various corporate entities who are licensed to act as dealers and commission

merchants of perishable agricultural commodities, as well shareholders, officers, and directors of these entities.  (*Id*. ¶¶ 4-10.)

Between January 2, 2012 and September 25, 2012, Plaintiff sold and delivered to Defendants fresh produce worth $263,835.71.  (*Id*. ¶ 14.)  Of that amount, $74,705.95 remains unpaid.  (*Id*. ¶ 17.)  Each of the outstanding invoices sent by Plaintiff to Defendants contained the following language:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(C) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499E(C)).  The Seller of these Commodities retains his trust claim over these commodities, all inventories of food or other products derived from these commodities and any receivables or proceeds from the sale of these commodities until full payment is received.

(*E.g.*, ECF No. 6 at 2.)

Plaintiff has been unsuccessful in collecting payment from Defendants. (Sweeney Decl. (ECF No. 5) ¶ 15.)  Moreover, two companies related to Defendants have filed for bankruptcy protection.  (Comp. ¶ 12.)

## II.  ANALYSIS

### A.  Entitlement to Injunctive Relief

To prevail on a motion for injunctive relief, the movant must establish that four equitable factors weigh in his favor: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury if the injunction is denied; (3) his threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.  *See Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1224 (10th Cir. 2009).  "[B]ecause a preliminary injunction is an

extraordinary remedy, the right to relief must be clear and unequivocal." *Greater Yellowstone Coal. v. Flowers*, 321 F.3d 1250, 1256 (10th Cir. 2003).

The Court finds that Plaintiff has satisfied each of these four prongs. First, Federal regulations provide that payment for perishable agricultural commodities is due no later than 30 days after delivery. *See* 7 C.F.R. § 46.2(aa). Plaintiff has submitted invoices showing that it delivered produce to Defendants through September 25, 2012 but has still yet to be paid for $74,705.95 of this delivery. (Sweeney Dec. ¶¶ 7-10.) Plaintiff has submitted a sworn statement by its Chief Financial Officer stating that it has been unsuccessful in collecting payment from Defendants. (*Id*. ¶ 15.) On this record, the Court finds that Plaintiff has shown a substantial likelihood of success on the merits of their claims.

Although purely monetary loss is not typically found to be an irreparable injury, dissipation of PACA's statutory trust is an exception to this rule. *See Frio Ice v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990); *Continental Fruit Co. V. Thomas J. Garziolis & Co.*, 774 F.Supp. 449, 453 (N.D. Ill. 1991) (stating that an argument that only monetary damages were at stake in an action to enjoin trust dissipation might be persuasive in the absence of the PACA statute). Because it is well accepted that once the trust is dissipated it is almost impossible for a beneficiary to obtain recovery, courts have held that dissipation of a PACA trust's assets is irreparable injury. *Id*.; *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3d Cir. 2000) ("Thus, the prevention of trust dissipation becomes essential to any meaningful remedy at all."). Plaintiff here has submitted evidence showing that Defendants are likely dissipating

trust assets. (Sweeney Decl. ¶¶ 15-16.) Moreover, given the recent bankruptcy filings of companies associated with Defendants, it is likely that recovery of monetary damages from Defendants will be difficult. (*Id.* ¶ 10.) Therefore, the Court finds that Plaintiff has shown that it is likely to suffer irreparable injury if injunctive relief is not granted.

With respect to harm to the Defendant, PACA provides that buyers of produce are required to hold proceeds from the sale of such produce in trust for the benefit of the sellers. *See* 7 U.S.C. § 499e(c)(2). This is meant to ensure that sellers are paid in full from the proceeds derived from the re-sale of the produce. Under the statute, the trust is formed at the moment the produce is shipped to the buyer and remains in effect until the seller is paid in full. *See* 7 C.F.R. § 46.46(c)(1). The evidence shows that Plaintiff delivered perishable commodities to Defendants worth $263,835.71 and has not received its full trust proceeds for this exchange. (Sweeney Decl. ¶¶ 7-10.) Because Defendants have a legal obligation to pay the trust assets to Plaintiff, they will not suffer harm if the Court orders them to fulfil this obligation. *See Tanimura*, 222 F.3d at 140. Accordingly, the Court finds that Plaintiff has satisfied the third prong of the test for injunctive relief.

Public interest also weighs in favor of granting an injunction. The underlying purpose of PACA's statutory trust provision is to protect perishable commodity producers such as Plaintiff in situations precisely like this. *See* 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest."). In passing the statutory trust provisions, Congress explicitly noted that reducing the burden on commerce

associated with production of perishable commodities was in the public interest. *Id*. Thus, the Court has little trouble finding that issuance of injunctive relief in this case is in the public interest.

### B. Issuance of Relief Without Providing Defendants An Opportunity to be Heard

Therefore, the Court finds that Plaintiff has met its burden with respect to all four factors and are entitled to injunctive relief. The sole remaining issue is whether Plaintiff should be granted this relief without providing Defendants an opportunity to be heard on the Motion. A temporary restraining order, such as that requested here, may be issued without notice (which incorporates an opportunity to be heard) to the adverse party or its counsel only if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1); *see also* D.C.COLO.LCivR 65.1(A). Where a plaintiff seeks such relief without notice or an opportunity to be heard by the adverse party, he should be able to show that notice would result in immediate, irreparable harm such that notice would "render fruitless the further prosecution of the action." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).

Here, Plaintiff's counsel has stated that they have furnished true and complete copies of all pleadings and papers filed in this action to date to the presumed counsel for Defendants. (ECF No. 3 at 2-3.) "Specifically, counsel notified Defendants' presumed counsel by telephone, and provided him with all relevant documents in

electronic format." (*Id.*)  Plaintiff's counsel has also certified that "further conferral is unlikely to resolve the issue given Defendants' long history of not paying the debt at issue." (*Id.*)  Given the evidence regarding Defendants' financial state and the clear law with respect to the impossibility of recovering trust assets after the trust has been dissipated, the Court finds that Plaintiff has satisfied Rule 65(b)(1) and further, that it has shown that an opportunity to be heard is not required in this case.  *See, e.g., S. Katzman Produce, Inc. v. Depiero's Farm, Inc.*, No. 12-1384 (ES), 2012 WL 764235, at *2 (D.N.J. Mar. 7, 2012) (granting TRO without notice or opportunity to Defendants); *Batth v. Market 52, Inc.*, No. 1:11-cv-1806-AWI-SKO, 2011 WL 5240439, at *2 (E.D. Cal. Nov. 1, 2011) (same); *C&C Carriage Mushroom Co. v. Greenwood Choice, Inc.*, No. 10-62116-CIV, 2011 WL 5059557, at *1 (S.D. Fla. Nov. 24, 2010) (same).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Temporary Restraining Order (ECF No. 3) is GRANTED in so far as it seeks a temporary restraining order and asks that the Court set a hearing on a preliminary injunction.  The Court therefore ORDERS as follows:

1. Defendants VM Wellington LLC d/b/a Bella's Market Wellington, VM Operations LLC, Village Markets Holding Ltd., LLC, Savoy Income Fund I LP, Samuel J. Mancini, Ronald S. Allen, and Alan Carman, and their officers, agents, servants, employees, attorneys, and financial institutions, are all hereby restrained from dissipating and/or disbursing any and all trust funds, monies, and/or liquidated interests of any type whatsoever now in their possession or under their control

      that are generated by or resulting from the sale of perishable agricultural commodities, as well as any and all trust funds and/or monies hereafter received, except for payment in full to Plaintiff's counsel, until compliance with ¶ 2, below.

2. Within five business days of this Order, Defendants shall pay Plaintiff's counsel or, should a bona fide defense exist, deposit into an interest bearing escrow account with a federally-insured financial institution the amount of $74,705.95. No withdrawals from this account shall be made without Court approval, except for payment to Plaintiff's counsel.

3. Within five business days of this Order, Defendants shall provide Plaintiff's counsel and this Court with a verified and detailed accounting of business operations, including records concerning Defendants' assets, bank accounts, accounts receivable, accounts payable, including a list of all PACA Trust Creditors, operating expenses and sales.

4. A hearing on Plaintiff's Motion for Preliminary Injunction shall be held on **December 20, 2012** at **3:00 p.m.**, Courtroom A801 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294, at which time Defendants shall appear and show cause as to why Plaintiff's request for preliminary injunction should not be granted.

5. The $74,705.95 in PACA trust assets belonging to Plaintiff and in the possession of Defendants shall serve as Plaintiff's security for purposes of Fed. R. Civ. P. 65(c).  No additional security need be provided.

6. Plaintiff shall serve a copy of this Order upon Defendants by hand delivery and electronic mail (to the extent practicable) on or before December 7, 2012.

7.  This Order shall remain in full force and effect for fourteen days from the date of entry or until further Order of Court.

Dated this 6th day of December, 2012.

BY THE COURT:

William J. Martinez
United States District Judge