**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-3157-WJM-MJW

FRESHPACK PRODUCE, INC.,

    Plaintiff,

v.

VM WELLINGTON LLC, d/b/a BELLA'S MARKET WELLINGTON,
VM OPERATIONS LLC,
VILLAGE MARKETS HOLDING LTD., LLC,
SAVOY INCOME FUND I LP,
SAMUEL J. MANCINI,
RONALD S. ALLEN, and
ALAN CARMAN,

    Defendants.

---

**ORDER EXTENDING THE TERMS OF THE COURT'S
TEMPORARY RESTRAINING ORDER**

---

    Plaintiff Freshpack Produce, Inc. ("Plaintiff") brings this action against VM Wellington LLC, *et al.* ("Defendants") alleging violations of various provisions of the Perishable Agricultural Commodities Act , 7 U.S.C. §§ 499 *et seq.* ("PACA") (ECF No. 1). Contemporaneous with the filing of the Complaint, Plaintiff filed a Motion for Temporary Restraining Order ("TRO"), which was granted on December 6, 2012. (ECF No. 3; ECF No. 19).

    Defendant has subsequently filed a Motion to Vacate the TRO. ("Motion") (ECF No. 24). Plaintiff has filed a Response. (ECF No. 28). For the reasons set forth below, the Court extends the terms of the TRO for an additional fourteen days, pursuant to Fed. R. Civ. P. 65(b)(2).

Under Rule 65 of the Federal Rules of Civil Procedure, a temporary restraining order may not exceed fourteen days unless, within the time fixed, the order is extended for good cause shown for a "like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2).

Having reviewed the filed materials, the Court finds that good cause exists to extend the TRO.  This matter involves complex factual and legal issues alleging violations of PACA.  (ECF No. 1).  These violations allegedly trigger the trust provisions of the statute because each of the outstanding invoices sent by Plaintiff to Defendants contained the following language:

> The Perishable Agricultural Commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(C) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499E(C)).  The Seller of these Commodities retains his trust claim over these commodities. . .until full payment is received.

(*E.g.*, ECF No. 6 at 2.)

Plaintiff's Complaint, *inter alia*, seeks relief from Defendants via court order enforcing payment from the "statutory trust." (ECF No. 1 ¶¶ 21-23.)

Defendants are seven in total.  They are tied together through a complex corporate structure.  The inter-relatedness of Defendants with other corporate entities which currently have bankruptcy court protection is well-illustrated by the chart in ECF No. 24, Exh 2.  To determine whether to grant Defendant's Motion to Vacate, the Court will need to address the application of the PACA provisions to all of these entities, both Defendants and non-Defendants; all within the framework of a preliminary injunction.  This, *inter alia*, requires an analysis of the merits.  See *Westar Energy, Inc. v. Lake*, 552

F.3d 1215, 1224 (10th Cir. 2009).

Further complicating matters is the fact that two related operating entities, VM O'Dells LLC and VM Williams LLC, filed for bankruptcy protection in late September 2012.  While not named defendants in this actions, these entities are apparently part of an overall corporate structure of the Defendants, and thus their status and actions in the matters at issue in this case are material.  The Court will need additional time to sort out this thicket of interlocking corporate entities; in the interim the Court will seek further factual and legal input on these issues, as set forth below.  Finally, the Court finds that an extension of the TRO is warranted because Defendants do not appear to have been harmed by the grant of the present TRO.

## III.  CONCLUSION

For the reasons set forth above, the Court therefore ORDERS as follows:

1.     The Temporary Restraining Order entered by the Court on December 6, 2012 (ECF No. 19) shall remain in full force and effect through 11:59 p.m. on Thursday, January 3, 2013; and

2.     Not later than December 28, 2012, the parties shall file the following:

(a)     Contemporaneous Statement of Facts addressing which entities related to the Defendants are currently involved in bankruptcy proceedings; whether any Defendants are themselves currently in bankruptcy court, and a detailed description of the day-to-day operational role the entities currently in bankruptcy court had in the business and operations of the named Defendants;

(b)     Contemporaneous briefs, not to exceed 5 pages exclusive of attorney signature blocks and certificate of service, addressing the issue of whether any

of the related corporate entities currently in bankruptcy court are subject to the statutory provisions of PACA.

Dated this 20th day of December, 2012.

BY THE COURT:

William J. Martínez
United States District Judge