IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-3157-WJM-MJW

FRESHPACK PRODUCE, INC.,

        Plaintiff,

v.

VM WELLINGTON LLC
d/b/a BELLA'S MARKET WELLINGTON,
VM OPERATIONS LLC,
VILLAGE MARKETS HOLDING LTD., LLC,
SAVOY INCOME FUND I LP,
SAMUEL J. MANCINI, RONALD S. ALLEN
and ALAN CARMAN,

        Defendants.

---

## STIPULATED PROTECTIVE ORDER (Docket No. 54-1)

---

Upon a showing of good cause, and to encourage and foster the free flow of documents and information in the above-referenced matter, the parties hereby stipulate and agree, and IT IS ORDERED:

    1.    The Parties have sought or anticipate seeking from one another discovery that includes documents or other confidential information or things that may be deemed confidential because they contain trade secrets, proprietary business information, competitively sensitive information or other information that, if disclosed, could result in damage to the Parties or third parties. The Parties desire to keep this information confidential, while at the same time permitting full and fair discovery.

2.      Therefore, when producing documents or providing information, the Parties may designate confidential documents or information as "Confidential," if in good faith they believe the documents or things are of the type described in paragraph 1 herein. The Parties shall limit the review of any documents so designated, the information contained therein, or any other disclosed "Confidential" information, to: (i) the Parties themselves; (ii) their litigation counsel; (iii) staff of litigation counsel; (iv) a court of competent jurisdiction and its staff; (v) expert or fact witnesses retained by the Parties, subject to their execution of a written acknowledgment of this Order and its provisions. Documents or information designated as "Confidential" shall not be disclosed to a person or entity not set forth in this paragraph 2 absent order of the Court or agreement of the Parties. Nothing herein shall prevent a party from using any information designated as "Confidential" in connection with prosecuting or defending the claims propounded under the above-captioned matter, including enforcement of the Order Granting Plaintiff's Request for Preliminary Injunction. [Doc. 41].

3.      It shall be the burden of the party designating any document or thing as "Confidential" to invoke the protections afforded by this Order. A party may designate a document or thing as "Confidential" by permanently affixing the word "CONFIDENTIAL" on the face of every page or analogous portion of the document or thing so designated. Additionally, documents or things containing Confidential information that a producing party fails to mark or stamp, such as those documents that previously have been disclosed in this litigation before the date of this Protective Order, may be appropriately designated confidential at any time after production by appropriate written notice to the receiving party identifying such documents, without the need to stamp such documents as Confidential. A party may object to the designation of particular Confidential information by giving written notice to the

party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to file an appropriate motion [consistent with D.C.COLO.LCivR 7.2] requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

[handwritten margin note: MJW 3-4-13]

4. At the conclusion of the litigation and any appeals, all "Confidential" materials shall be destroyed or returned to the producing party.

5. In the event that any motion is brought to challenge the designation of any document or thing as "Confidential," the Court may award reasonable attorneys' fees and expenses to the prevailing party.

6. This Agreement may be executed in counterparts and shall be controlled by Colorado law.

3

Respectfully submitted this 1st day of March, 2013.

| | |
|---|---|
| RIDLEY, McGREEVY & WINOCUR, P.C. | CONDIT CSAJAGHY, LLC |
| By: */s/ David M. Tenner* <br> David M. Tenner <br> 303 16th Street, Suite 200 <br> Denver, Colorado 80202 <br> (303) 629-9700 <br> (303) 629-9702 fax <br> tenner@ridleylaw.com | By: */s/ Stephen E. Csajaghy* <br> Stephen E. Csajaghy <br> 695 S. Colorado Blvd., Suite 270 <br> Denver, CO 80246 <br> (720) 287-6600 <br> (720) 287-6605 fax <br> steve@cclawcolorado.com <br><br> *Counsel for Defendants* |

McCARRON & DIESS

By: */s/ Louis W. Diess, III*
Louis W. Diess, III
4530 Wisconsin Ave., NW, Suite 301
Washington, D.C. 20016
(202) 364-0400
(202) 364-2731 fax
ldiess@mccarronlaw.com

*Counsel for Plaintiff*


APPROVED AND ADOPTED AS AN ORDER OF THE COURT:

Date: March 4, 2013

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

4